UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-010-TBR

MICHAEL COOPER,                                                                                          PLAINTIFF

v.

LT. H. CHRIS VINSON, ET AL.,                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss for Failure to Exhaust Administrative Remedies, [R. 21], by Defendants James Beavers, James Beeler, Troy Belt, Jesse Coombs, Tami Darnell, Steven Ford, Skyla Grief, Terry Peede, Gage Rodriguez, H. Chris Vinson, and Randy White ("the Defendants"). Plaintiff Michael Cooper responded, [R. 37]. This matter is now ripe for adjudication. For the reasons stated herein, the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, [R. 21], is **DENIED**.

**BACKGROUND**

The general facts of this case are described in the Court's prior opinion, *Cooper v. Vinson et. al.,* No. 5:17-CV-P10-TBR, 2017 WL 34552360 (W.D. Ky. Aug. 08, 2017). There, the Court ordered the following claims to continue beyond initial review: the First Amendment claim that Plaintiff has been denied access to two particular magazines against Defendants White, Ford, and Vinson in their individual capacities for all relief and in their official capacities for equitable relief; the retaliation claims against Defendants Belt, Rodriguez, Beavers, Peede, Coombs, Bauer, Beeler, and Grief in their individual capacities for all relief and in their official capacities for equitable relief; the Eighth Amendment, excessive-force claim against Defendants Peede and Coombs in their individual capacities for all relief; and the Eighth and Fourteenth Amendment

1

claims regarding Plaintiff's long-term placement in segregation against Defendants White, Grief, Belt, and Beeler in their individual capacities for all relief and official capacities for equitable relief. *See Cooper*, No. 5:17-CV-P10-TBR, 2017 WL 3452360, at *8. Currently before the Court is the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, [R. 21].

**STANDARD**

Although the Defendants do not name a specific provision under the Federal Rules of Civil Procedure, the Court assumes that the Defendants move to dismiss this action under Rule 12(b)(6), as it is commonly used in situations like the one at hand. *See generally Daugherty v. K.S.P. Med. Dep't*, No. 5:17-CV-P41-TBR, 2018 WL 1095820 (W.D. Ky. Feb. 27, 2018); *Clark v. Ramey*, No. 5:17CV-P44-GNS, 2018 WL 810589 (W.D. Ky. Feb. 8, 2018); *Prather v. Corr. Care Sols.*, No. 3:16-CV-P60-JHM, 2016 WL 7175629 (W.D. Ky. Dec. 7, 2016).

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct.

1955). In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976)).

## DISCUSSION

The Defendants argue that the complaint should be dismissed because Cooper failed to show that he exhausted his administrative remedies by completing the appeals process for both grievable and non-grievable issues.[1] [*See* R. 21 at 2-3 (Motion to Dismiss).] The Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. at 211, 127 S. Ct. 910 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. 199, 218-19, 127 S. Ct. 910. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006). Importantly, however, "failure to exhaust administrative remedies under the PLRA is *an affirmative defense that must be established by the defendants.*" *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204, 127 S. Ct. 910) (emphasis added).

---

[1] According to the Kentucky Corrections Inmate Grievance Procedure, "[a] grievable issue shall include any aspect of an inmate's life in prison that is not specifically identified as a non-grievable issue." [R. 21-3 (Inmate Grievance Procedure).] "Rejected mail" is listed as a non-grievable issue, but, as the Defendants explain, there is an appeals process for rejected mail under the Kentucky Corrections Inmate Correspondence procedures. [*See* R. 21-4 at 4.] In Cooper's Complaint, he alleged that he used the procedures available to him in response to the confiscation of his incoming mail. [*See* R. 1-1 at 5-7.]

3

In both Cooper's Complaint, [R. 1-1], and Supplemental Complaint, [R. 6], Cooper alleges that he "used the prisoner grievance procedure available at Kentucky State Penitentiary (K.S.P) to try to solve these problems . . .." [R. 6-1 at 7; *see also* R. 1-1 at 7.] The Defendants retort that Cooper did not file grievances regarding confinement in long-term segregation, retaliation, and use of excessive force, nor did he timely appeal the rejection of his incoming mail. [R. 21 at 2-3.] As support, the Defendants attached affidavits of John Dunn and Randy White. [*Id*.] The Sixth Circuit has concluded that the exhaustion affirmative defense is best raised in a motion for summary judgment. *See, e.g., Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x. 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). The Sixth Circuit came to this conclusion because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). This is precisely what the Defendants ask the Court to do by resorting to the affidavits of Dunn and White. As the Court has previously stated, considering materials outside the pleadings, such as these affidavits, is not permissible at this stage. *See Clark v. Ramey*, No. 5:17CV-P44-GNS, 2018 WL 810589, at *5 (W.D. Ky. Feb. 8, 2018) (citing *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997)) (stating that considering an affidavit attached to a motion to dismiss "would require the Court to consider materials outside the pleadings, which is not permissible at this stage"). Therefore, the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, [R. 21], is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, [R. 21], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record

Michael Cooper, Pro Se
211158
Kentucky State Penitentiary
266 Water Street
Eddyville, KY 42038