UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-10-TBR

MICHAEL COOPER,                                                          PLAINTIFF

v.

CHRIS VINSON, *et al.*,                                                  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Second Motion for Summary Judgment. [DN 107]. In response, *pro se* Plaintiff Michael Cooper filed a Motion for Partial Summary Judgment. [DN 108]. This matter is ripe for adjudication. For the reasons stated herein, Defendants' Second Motion for Summary Judgment, [DN 107], is GRANTED and Plaintiff's Motion for Partial Summary Judgment, [DN 108], is DENIED AS MOOT. The Court will enter a separate Order and Judgment contemporaneous with this Memorandum Opinion.

## BACKGROUND

Plaintiff is a prisoner incarcerated at the Kentucky State Penitentiary ("KSP"). [DN 1]. He filed a Complaint and an Amended Complaint against a variety of KSP officials pursuant to 42 U.S.C. § 1983. [DN 1; DN 6]. The Court conducted an initial review and allowed six of Plaintiff's claims to proceed. [DN 10]. Subsequently, the Court permitted Plaintiff to file a supplemental complaint, [DN 67], and Defendants filed a motion for summary judgment, [DN 99]. After the Court granted Defendants' motion, the following claims remain: (1) Defendants Belt, Rodriguez, Beavers, Peede, Coombs, Bauer, Beeler, and Grief retaliated against Plaintiff; (2) Defendants Peede and Coombs violated Plaintiff's Eighth Amendment rights by exercising excessive force against Plaintiff; and (3) Defendants White, Grief, Belt, and Beeler violated Plaintiff's Eighth and

1

Fourteenth Amendment rights by placing him in long-term segregation. [*See* 106]. Defendants then filed the Second Motion for Summary Judgment currently before the Court. [DN 107].

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc*., 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

Additionally, the Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972).

The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

## DISCUSSION

### I.     Exhaustion of Administrative Remedies

Defendants claim they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies regarding his retaliation, excess force, and long-term segregation claims. [DN 107-1 at 947]. The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. at 211, 127 S. Ct. 910 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218–19, 127 S. Ct. 910. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006). Importantly, however, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204, 127 S. Ct. 910). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine

dispute as to any material fact' regarding non-exhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).

Pursuant to the Kentucky Department of Corrections Policies and Procedures ("CPP"), an inmate may file a grievance relating to "any aspect of an inmate's life in prison that is not specifically identified as a non-grievable issue," such as personal needs, personal actions by staff, or staff conflicts. CPP § 14.6(II)(B). In contrast, non-grievable issues include disciplinary procedures, Adjustment Committee decisions, or the warden's review of those decisions. *Id.* § 14.6(II)(C). An inmate "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004).

Under CPP § 14.6(II)(B), each of Plaintiff's retaliation, excessive force, and long-term segregation claims were grievable. *See, e.g.*, *Richmond v. Settles*, 450 F. App'x 448, 456–57 (6th Cir. 2011) (prisoner's Eighth Amendment conditions of confinement claim could have properly been dismissed because he failed to exhaust administrative remedies). Accordingly, CPP § 14.6(II)(J) required Plaintiff to file written grievances regarding these issues. Yet, Central Office Ombudsman for the Department of Corrections, John Dunn provided a sworn affidavit stating that Plaintiff has not filed any grievances regarding retaliation by Defendants Belt, Rodriguex, Beavers, Peede, Coombs, Bauer, Beeler, and Grief. [DN 107-4 at 985]. Moreover, the records do not contain any grievance filed by Plaintiff regarding excessive force or related claims against Defendants Peede and Coombs. *Id.* Finally, the records do not contain any grievances filed by Plaintiff regarding his placement in long-term segregation or related claims against Defendants White, Grief, Belt, and Beeler. *Id.* Additionally, Corrections Unit Administrator for the Department of Corrections at KSP provided a sworn affidavit stating: "From June 1, 2016 – December 31, 2018, Michael Cooper has not filed a grievance regarding retaliation allegedly committed by Josh Patton,

Warden Randy White, Christ Vinson, Diana Yeager, Skyla Grief, or James Beaver." [DN 107-5 at 987]. Although Plaintiff claims that he used the prisoner grievance procedure to address the issues raised in his Complaint, he has not introduced any evidence to support this claim. [DN 6-1 at 109]. There is no genuine dispute of material fact, then, that Plaintiff has not exhausted all administrative remedies as 42 U.S.C. § 1997e(a) requires. Therefore, the Court will dismiss Plaintiff's remaining claims without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established ... that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice." (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998))).

## II.    Eighth and Fourteenth Amendment Claims

Alternatively, to the extent that Plaintiff's claims regarding long-term segregation could be construed to involve disciplinary procedures and Adjustment Committee decisions, non-grievable issues pursuant to CPP § 14.6(II)(C), the Court finds that summary judgment is still warranted.

### A.    Eighth Amendment

Plaintiff claims that his confinement in segregation for over five years violates his Eighth Amendment rights. The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347, 101 S.Ct. 2392; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison

confinement." *Rhodes*, 452 U.S. at 348, 101 S.Ct. 2392 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Indeed, the Sixth Circuit has held that "[b]ecause placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment violation." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (holding allegations of confinement in administrative segregation for "three years and running" failed to state an Eighth Amendment claim) (citation omitted). Moreover, the Court has noted, that plaintiffs "cannot bring an Eighth Amendment claim" for "emotional or mental injuries" without alleging a prior physical injury. *Id.* (citing *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Merchant v. Hawk–Sawyer,* 37 F. App'x 143, 145–46 (6th Cir. May 7, 2002) (per curiam) (denying an inmate's Eighth Amendment claim because the inmate did "not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury") (internal quotation marks omitted)).

In this case, Plaintiff cites the Supreme Court as stating: "Clothing and linens are the bare necessities of prison life. If you're not suicidal no prison official can take clothing[,] bed linens, and mattress. It's clearly a punishment." [DN 6-1 at 106]. Despite this language, Plaintiff has made no direct allegation, nor presented any evidence, that he has been deprived of clothing, linens, or a mattress. Moreover, he has failed to allege any physical injury as a result of the conditions in the segregated housing unit. While the Court is sympathetic to Plaintiff's claim that "isolation for 5-7

years will harm anyone['s] mentality no matter how strong", [DN 108 at 1006], "emotional or mental injuries" cannot form the basis of an Eighth Amendment claim. Accordingly, Defendants are entitled to summary judgment as to this claim.

## B. Fourteenth Amendment

Next, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to due process by filing "bogus" disciplinary reports against him to keep him in the segregation unit. A prisoner's ability to challenge a prison misconduct investigation and conviction depends on whether the actions implicated any liberty interest. In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to *Sandin*, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id.* at 487, 115 S.Ct. 2293.

With regard to Plaintiff's claim based on his placement in disciplinary segregation, courts generally consider the nature and duration of a stay in segregation in determining whether it imposes an "atypical and significant hardship." *Harden-Bey*, 524 F.3d at 795–96. The Sixth Circuit has held that mere placement in administrative segregation, and placement for a relatively short period of time, do not require the protections of due process. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995) (holding 61 days in segregation is not atypical or significant). The Sixth Circuit has also held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g.*, *Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir. 1998) (holding two years of segregation while the inmate was investigated for

the murder of a prison guard in a riot not an atypical deprivation); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (holding prisoner's continued confinement in administrative segregation for eight additional months after a status review committee accepted a recommendation that he be returned to the general population did not deprive him of a protected liberty interest). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (holding 13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest). However, in this case, Plaintiff spent five years in segregation before being released in 2019. In their Second Motion for Summary Judgment, Defendants assume the length of Plaintiff's confinement in segregation created a liberty interest, and thus, he is entitled to the protections of the Due Process Clause. [DN 107-1 at 952].

"In *Wolff v. McDonnell,* 418 U.S. 539 (1974), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that a prisoner faced with a disciplinary charge is entitled to: 1) advance written notice of the charges against him, no less than 24 hours prior to the hearing; 2) a qualified right to call witnesses and present documentary evidence in his defense, at least when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and 3) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken." *Allen v. Louisville Metro Dep't of Corr.*, No. CIV.A. 3:07CV-P296-S, 2007 WL 3124696, at *6 (W.D. Ky. Oct. 24, 2007) (quoting *Wolff v. McDonnell,* 418 U.S. 539 (1974)).

In this case, Defendant Skyla Grief submitted a sworn affidavit stating:

> Michael Cooper has been in Restrictive Housing from August 27, 2012-November 10, 2019. The reason that Michael Cooper has been in restrictive housing for this period of time is due to Mr. Cooper committing numerous disciplinary violations. For each disciplinary violation, Mr. Cooper was found guilty of the disciplinary violations after hearings before the Adjustment Committee and an Adjustment Officer. Michael Cooper was given a disciplinary hearing for each offense, and the opportunity to present evidence and witnesses. For each offense, Michael Cooper received a written decision of the Adjustment Officer which described the evidence supporting the finding of guilt. Prior to each hearing, Michael Cooper was given notice of the hearing.

[DN 107-6 at 989–90]. Therefore, Defendants argue, Plaintiff "was afforded due process as required by *Wolff v. McDonnell*, and summary judgment should be granted." [DN 107-1 at 953]. Plaintiff has not alleged, nor presented any evidence of, a specific due process violation. Thus, Defendants are entitled to summary judgment as to this claim.

## CONCLUSION

For the reasons stated herein, Defendants' Second Motion for Summary Judgment, [DN 107], is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment, [DN 108], is **DENIED AS MOOT**. The Court will enter a separate Order and Judgment contemporaneous with this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 17, 2020

CC: Attorneys of Record

Michael Cooper
211158
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038