UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-10-TBR

MICHAEL COOPER,      PLAINTIFF

V.

CHRIS VINSON, *et al.*,      DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment on his Eighth Amendment claim against Nathaniel Deboe, [DN 108]. Defendant Deboe, who is proceeding *pro se*, did not respond to Plaintiff's Motion and the time for filing a response has expired. Deboe has appeared *pro se* throughout this litigation and remains so to date. This matter is now ripe for adjudication. For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment, [DN 108], is **GRANTED.**

**BACKGROUND**

Plaintiff is an inmate currently incarcerated at Kentucky State Penitentiary. From January 2017 to February 2018, Plaintiff filed a Complaint [DN 1] and multiple Amended Complaints [DN 6, 27, 49]. In his initial Complaint, Plaintiff initiated a *pro se* 42 U.S.C. § 1983 prisoner civil rights action. [DN 1]. Now, Plaintiff's Eighth Amendment claim against Defendant Nathaniel Deboe is the only unresolved claim remaining in this case. All other claims have been dismissed. Previously, the Court denied Plaintiff's motion for partial summary judgment on this Eighth Amendment excessive force claim as moot. [DN 109]. Subsequently, Plaintiff filed a Motion to Reconsider the denial of his motion, [DN 111]. The Court granted Plaintiff's request and clarified that reconsideration shall be limited to Plaintiff's Eighth Amendment claim against Nathaniel Deboe because all other claims were properly disposed of via summary judgment. As such, the Court will

reconsider Plaintiff's Motion for Partial Summary Judgment on his Eighth Amendment claim, [DN 108], below.

Plaintiff Michael Cooper comes before the Court under 42 U.S.C. § 1983. Cooper, a prisoner at Kentucky State Penitentiary ("KSP"), claims that former KSP correctional officer Nathaniel Deboe violated his Eighth Amendment right to be free from cruel and unusual punishment during an altercation on July 13, 2017 when Deboe physically assaulted Cooper by punching him in the ribcage while Cooper was wearing restraints. [DN 108 at 3; DN 90 at 2; DN 27-1 at 8]. In his Answer, Defendant Deboe admits to the assault and states that he was convicted of Assault in the Fourth Degree as a result. [DN 90].

According to the complaint, on July 13, 2017, Defendant Nathaniel Deboe was instructed to escort Plaintiff back to his cell from the recreation yard. Plaintiff was told that he was being taken back to his cell early "for threatening staff with frivolous lawsuits and causing a disturbance." [DN 27-1 at 7]. Plaintiff alleges that his wrist and ankle restraints were extremely tight, that Deboe gripped his restraints and raised his arms "high above his head forcing him to bend over to walk" hurting his shoulders and causing lacerations on his wrists. Plaintiff states that he "verbally yelled out, 'I'm not resisting'" multiple times. [*Id.* at 8; DN 108 at 2]. When Plaintiff made it to his cell, he was "forcefully slammed into the brick wall face first" until his cell door was opened. [DN 27-1 at 7-8]. Once the door opened, Deboe "forced" Plaintiff inside using the wrist restraints and "slammed Plaintiff into the corner of the cell." [*Id.* at 9]. Both men fell to the ground, causing Plaintiff to hit his head on the toilet in his cell. [*Id*; DN 108 at 3]. Deboe then pulled Plaintiff to his feet and pinned Plaintiff against the wall so the other officers could remove his property from his cell. [DN 27-1 at 9]. While Plaintiff was still restrained and pinned against the wall, Deboe proceeded to punch Plaintiff in his left ribcage with a closed fist. [*Id*; DN 108 at

3; DN 90 at 2 (Deboe's Answer to Plaintiff's Complaint)]. Attached to Plaintiff's complaint is an affidavit from a fellow inmate, Kareem Edwards, who witnessed this altercation between Plaintiff and Deboe on July 13, 2017. In his affidavit, Edwards attests to the following facts under penalty of perjury pursuant to 28 U.S.C § 1746:

> I heard Michael Cooper telling [officer] Nathaniel Deboe, Lt. Jessee Coombs, and Sgt. Brendan Inglish he was not resisting. Michael Cooper stated this several times over a span of time as I stood inside my cell #15 13L and witnessed Nathaniel Deboe twisting and bending Michael Cooper's arm forcibly trying to break it without justification. Once removed from the 13L wall, I kept hearing Michael Cooper say 'I am not resisting' repeatedly, as I heard something or someone being slammed and crammed into the floor and walls. I continued to hear Michael Cooper calmly say 'I am not resisting' several times, with interjections of [Cooper] asking the three individuals, 'why are you all doing this to me?' Then I heard Michael Cooper yell 'why did you punch me in my side?'. . .

[DN 27-2 at 7].

The day of the incident, the Kentucky State Police were notified of the altercation and initiated an investigation. Additionally, on July 15, Plaintiff filed a formal grievance with the Department of Corrections outlining his allegations of criminal conduct against Nathaniel Deboe for the assault on July 13, 2017. [DN 99-8]. Plaintiff has exhausted his administrative remedies regarding his Eighth Amendment claim against Nathaniel Deboe. The Warden issued a memorandum on August 2, 2017, stating that in addition to the Kentucky State Police investigation, the incident was also being investigated by the Office of Internal Affairs and findings were presented to the Lyon County Attorney and the Lyon County Commonwealth Attorney. [*Id.*] [DN 27-2 at 3].

As a result of this incident, Nathaniel Deboe resigned from his position as a KSP correctional officer, pled guilty, and was convicted of Assault in the Fourth Degree. [DN 99-1 at 3; DN 90 at 2]. At the time Deboe filed his Answer to Plaintiff's complaint in 2018, he was serving his second year of probation. [*Id.*] In his Answer, Deboe admits to restraining Plaintiff, pinning

him against his cell wall, and "in a moment of anger, I did in fact punch Inmate Cooper in the ribs one time with a closed fist." [DN 90 at 2]. The occurrence of the assault is not in dispute. Now, Plaintiff seeks to recover monetary and punitive damages against Deboe for utilizing excessive force in violation of his Eighth Amendment rights.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Althers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the moving party, Plaintiff must shoulder the initial burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the moving party meets his burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e). The nonmoving party "must—by deposition, answers to interrogatories, affidavits, and admissions on

file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

"When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citing *Celotex Corp.*, at 322–23). However, a district court may not use a party's failure to respond "as a reason for granting summary judgment without first examining all the materials properly before it." *FTC v. E.M.A Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (quoting *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979)).

Here, Plaintiff's Motion is uncontested because Defendant Deboe failed to respond to Plaintiff's Motion and the time to do so has expired. Thus, summary judgment is appropriate due to Deboe's failure to respond and set forth specific facts showing that there is a genuine issue for trial. However, the Court's inquiry must not stop there. The Sixth Circuit has held that prior to dismissing an action, the Court must still "consider the merits of the underlying motion." *Stough v. Mayville Cnty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir. 1991)). "The court is required, at minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Id.* at 614 (citing *Carver* at 455). Accordingly, the Court will consider the merits of Plaintiff's Motion, despite Defendant's failure to respond. *See DIRECTV, LLC v. Fields*, No. CV 15-93-DLB-HAI, 2017 WL 4369489, at *4 (E.D. Ky. Oct. 2, 2017).

The Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), not to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). "The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Boldry v. Gibson*, 2019 U.S. Dist. LEXIS 54368 at *8, 2019 WL 1410912 (W.D. Ky. March 28, 2019) (quoting *Johnson v. Stewart*, 2010 U.S. App. LEXIS 27051 at *7, 2010 WL 8737105 (6th Cir. May 5, 2010)).

Notwithstanding his failure to respond, this Court believes that the facts in the complaint do not present a genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law on his Eighth Amendment claim against Defendant Deboe. With these considerations in mind, the Court turns to the merits of Plaintiff's Motion for Partial Summary Judgment.

## DISCUSSION

Plaintiff asserts a § 1983 claim against Defendant Deboe in his individual capacity for violations of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by using excessive force to cause harm. In his Answer, Deboe admitted that he pulled Plaintiff from the floor, pinned him face first against the wall while he was restrained with handcuffs, and then "in a moment of anger" and "frustration," Deboe punched Plaintiff in the left ribcage with a closed fist. [DN 90]. Deboe also admits in his answer that he was convicted of Assault 4th Degree and that he lost his job at Kentucky State Penitentiary as result of the July 13, 2017 incident. [*Id*; DN 99-1 at 4]. Plaintiff claims he is entitled to summary judgment because Defendant admitted to assaulting him and this uncontested evidence establishes a clear violation of his Eighth Amendment right to be free from cruel and unusual punishment. [DN 108; DN 111].

Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws on the United States. *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010). To establish a right to relief under § 1983, Plaintiff must show that Defendant Deboe acted under state law to deny him the rights he is owed under the Eighth Amendment. *Street v. Corr.Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir.1994). The Eighth Amendment's ban on cruel and unusual punishment applies to excessive force claims brought by convicted criminals serving their sentences. *Street v. Corr.Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir.1994). In order to hold a prison official liable for an Eighth Amendment violation, prisoners alleging excessive force must satisfy a two-prong standard. First, prisoners must show that the guard's actions were objectively harmful enough to create a constitutional claim. Second, the prison official's act must have been committed with the requisite state of mind. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

The first, "objective," component to the standard requires that the pain inflicted be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298, (1991). "This is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.' The seriousness of the injuries are not dispositive; as the Supreme Court has held, '[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson*, 503 U.S. at 8–9) (internal citation omitted). The second, "subjective," component is an analysis into the motivation of the action taken against the prisoner and if it was an "unnecessary and wanton infliction of pain." *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). "[T]he question whether the measure taken

inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see Adkins v. Peede*, 2018 WL 3762975 (W.D. Ky. Aug. 8, 2018).

Courts must be careful to consider the nature of the prison setting and not unreasonably second guess prison officials' actions taken in the heat of the moment. *Whitley*, 475 U.S. at 333-34. However, case law makes it clear that striking a subdued inmate or slamming him into concrete while he remains defenseless with his hands cuffed behind his back is both a violation of the Eighth Amendment, and "repugnant to the conscience of mankind." *Vaughn v. Hawkins*, 2018 WL 5796138 (W.D. Ky. Nov. 5, 2018); *Smith v. Mensinger*, 293 F.3d 641, 649-50 (3d Cir. 2002) (citing *Hudson*, 503 U.S. at 10); *see also Cordell v. McKinney*, 759 F.3d 573, 585-86 (6th Cir. 2014); *Burgess v. Fischer*, 735 F.3d 462, 474-75 (6th Cir. 2013); *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010); *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988).

**1. Objective Component**

Based on the evidence of record and Defendant Deboe's own admission, the Court finds that "the pain inflicted by" correctional officer Deboe was "sufficiently serious" to offend "contemporary standards of decency." *Cordell*, 759 F.3d at 585 (quoting *Williams*, 631 F.3d at 383) (internal quotation marks omitted). The record, read in Deboe's favor, reveals that Deboe had Plaintiff handcuffed, in a submission hold against a wall inside the prison, with two additional correctional officers and no other inmates present. Then, while still holding Plaintiff in a submission hold against the wall, Deboe proceeded to punch Plaintiff in the ribcage. The Sixth Circuit has held that "striking a neutralized suspect who is secured by handcuffs is objectively unreasonable." *See Cordell*, 759 F.3d at 586 (quoting *Schreiber*, 596 F.3d at 332). Slamming a

handcuffed and controlled prisoner face first into a wall and punching him in the ribcage does not comport with human decency. *See id.*

The Court notes that Plaintiff alleges that Deboe's use of force caused Plaintiff to suffer a head injury, a dislocated left shoulder, various cuts and bruises, and lower back pain. [DN 27-1; DN 99-8 (Inmate Grievance Form)]. In his grievance, Plaintiff stated that despite complaining of pain, the nurse told him nothing was wrong. [DN 99-8]. Plaintiff has not presented further proof of his injuries beyond his characterization in his complaint and attached grievance. Defendant Deboe did not address Plaintiff's claims regarding his injuries in his answer. [DN 90]. However, regardless of the extent of Plaintiff's injuries, the seriousness of the injuries are not dispositive; as the Supreme Court has held, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). There is no genuine dispute of material fact then, that Deboe assaulted Plaintiff and this act of striking a neutralized inmate was objectively unreasonable. Thus, Plaintiff has satisfied the first component of the standard for establishing an Eighth Amendment claim.

**2. Subjective Component**

Based on the evidence of record and Defendant Deboe's own admission, the Court finds that there is no genuine dispute of material fact regarding whether correctional officer Deboe had a culpable state of mind when he assaulted Plaintiff. In making this determination, the Court considers "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted," as well as "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful

response." *Whitley v. Albers*, 475 U.S. 312, 321 (1986) (internal quotation marks omitted; alteration in original).

To start, the Court must determine if the facts present a sufficient disagreement as to whether Defendant Deboe had a plausible justification for applying any force to Plaintiff and whether Deboe had a reasonable basis for using the amount of force that he did. *See Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir.2010). After reviewing the record in the light most favorable to Defendant Deboe, the Court finds that he did not. It is difficult to reconcile the amount of force Deboe used with any fathomable threat that Plaintiff presented to Deboe or the other two correctional officers. Plaintiff's arms were cuffed behind his back, Deboe had Plaintiff in a submission hold, and two other officers were present alongside Deboe. In his Answer, Deboe explained that he *thought* Plaintiff tried to kick another officer, so "in a moment of anger I did in fact punch Inmate Cooper in the ribs one time with a closed fist." (emphasis added) [DN 90]. However, it is hard to understand—even being deferential to Deboe's split-second judgment—how a prisoner in such an incapacitated position would present a sufficient threat to justify the use of force that Deboe employed. *Cordell*, 759 F.3d at 583; *see United States v. Graham*, 275 F.3d 490, 511 n. 11 (6th Cir.2001) (noting that a defendant "had already been placed in handcuffs" when the agents started their search and "could no longer legitimately be considered a threat to them").

Moreover, attached to Plaintiff's complaint is an affidavit from a fellow inmate, Kareem Edwards, who witnessed the incident between Plaintiff and Deboe on July 13, 2017. In his affidavit, Edwards attests, under penalty of perjury pursuant to 28 U.S.C. § 1746, that Plaintiff told Officer Nathaniel Deboe, Lt. Jessee Coombs, and Sgt. Brendan Inglish he was not resisting. [DN 27-2 at 7]. Edwards further attests that "I continued to hear Michael Cooper calmly say, 'I am not

resisting' several times, with interjections of [Cooper] asking the three individuals, 'why are you all doing this to me?' Then I heard Michael Cooper yell 'why did you punch me in my side?'. . ." [*Id.*] In his Answer, Deboe admits to having a culpable state of mind when he assaulted Plaintiff. Stating that he was "infuriated, frustrated, and did not have the calm disposition to handle the situation." [DN 90]. He "simply blacked out in a moment of anger . . . to hurt what had already hurt me"—in reference to his overall frustration over alleged incidents "of verbal assault day after day and attempts to hurt me" by other inmates and Plaintiff. [*Id.* at 2–3]. The Court finds there is no genuine dispute of material fact and Deboe's use of force was not employed in a good-faith effort to restore control of Plaintiff or maintain discipline, but rather it was an unnecessary and intentional assault meant to "hurt" Plaintiff. Thus, Plaintiff has satisfied the second component of the standard for establishing an Eighth Amendment claim. Because Plaintiff satisfies both parts of the standard, he is entitled to summary judgment on his Eighth Amendment claim.

As the party moving for summary judgment, Plaintiff has satisfied his burden of showing the absence of a genuine dispute of material fact as to whether Deboe violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when he assaulted Plaintiff on July 13, 2017. Fed. R. Civ. P. 56(c). The burden now shifts to Defendant Deboe to demonstrate "by deposition, answers to interrogatories, affidavits, and admissions on file—showing specific facts that reveal a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. Yet, Deboe has failed to set forth any "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. Instead, Deboe merely put forth his version of events prior to the assault and admitted to assaulting Plaintiff in his Answer to Plaintiff's Complaint. [DN 90]. Through his failure to respond to Plaintiff's Motion for Partial Summary Judgment, Deboe has failed to meet his reciprocal

burden of summary judgment of showing a genuine issue of material fact or a dispute as to the law cited by Plaintiff. Thus, Plaintiff is entitled to summary judgment on his Eighth Amendment claim.

## DAMAGES

Plaintiff has made a claim for compensatory and punitive damages against Deboe for utilizing excessive force in violation of his Eighth Amendment rights. "When a § 1983 Plaintiff seeks damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law or torts." *Memphis Comm. School Dist. v. Stachura*, 477 U.S. 299, 306 (1986). Once a Defendant has been found liable, Plaintiff is entitled to the compensatory damages that he has proved. *Smith v. Wade*, 461 U.S. 30, 52 (1983). Compensatory damages may be awarded only for injuries that Plaintiff proves were proximately caused by Defendant's wrongful conduct. *See* 5th Cir. Pattern Jury Instr. 15.2 (2020).

To recover punitive damages in a § 1983 action, Plaintiff must prove that Defendant acted with malice or with reckless or callous indifference to the federally protected rights of others. *See King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015) (citing *Smith*, 461 U.S. at 56). One acts with malice when one purposefully or knowingly violates another's rights or safety. *See* 5th Cir. Pattern Jury Instr. 15.7. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. *Id.* Conduct that rises to the level of deliberate indifference necessary to establish liability under § 1983 does not necessarily rise to the level of "callous indifference" that warrants punitive damages.2 *See Smith*, 461 U.S. at 56; *Gibson v. Moskowitz*, 523 F.3d 657, 664 (6th Cir. 2008) (citing *Coleman v. Rahija*, 114 F.3d 778, 787 (8th Cir. 1997)).

Plaintiff claims that he suffered injuries to his head, shoulders, and lower back from Deboe's assault, but despite complaining of pain, the nurse told him that nothing was wrong. [DN

99-8]. Yet, Deboe admitted to assaulting Plaintiff and the Court finds that Plaintiff is entitled to compensatory damages totaling $2,000.00 for emotional and mental harm and pain and suffering. Further, the Court has found that Defendant Deboe acted maliciously when he purposefully assaulted Plaintiff in violation of his Eighth Amendment right. Thus, Plaintiff is also entitled to punitive damages against Deboe in the amount of $2,000.00.

## CONCLUSION

For the reasons set forth above, Plaintiff Michael Cooper's Motion for Partial Summary Judgment, [DN 108], is **GRANTED.** The Court shall **GRANT** Plaintiff's request for damages for his Eighth Amendment claim; and orders an award of compensatory damages for emotional distress and pain and suffering in the sum of $2,000.00. The Court further orders an award of punitive damages for purposefully violating Plaintiff's federally protected Eighth Amendment right in the sum of $2,000.00. The total sum of damages shall total $4,000.00. The Court will enter a separate Order and Judgment contemporaneous to this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 26, 2021

CC: **Michael Cooper**
211158
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038
PRO SE

**Nathaniel Deboe**
642 E. White Sulphur Road
Fredonia, KY 42411
PRO SE